[No. 33313. Department Two. June 23, 1955.]

THE STATE OF WASHINGTON, *on the Relation of Pacific Inland Tariff Bureau, et al., Plaintiff,* v. CHARLES T. WRIGHT, *Judge of the Superior Court for Thurston County, Respondent.*[1]

*Henry T. Ivers,* for relators.

*Roger J. Crosby, Charles F. Hanson, R. Paul Tjossem (Roy F. Shields* and *Fletcher Rockwood,* of counsel), for respondent.

PER CURIAM.—This matter is before us on a writ of certiorari to review a supersedeas order entered on March 28, 1955. The proceeding in which such order was entered is a later phase of the same controversy which is before us in *State ex rel. Pacific Inland Tariff Bureau v. Clifford,* supreme court No. 33292. These two certiorari proceedings were consolidated for argument before this court.

Our opinion in No. 33292, filed today, *ante* p. 807, contains a recital of necessary background facts leading to the entry of the order dated March 14, 1955, which we reviewed in that proceeding. That order, which we have affirmed, denied the petition of these plaintiffs for an order restoring

[1] Reported in 285 P. (2d) 576.

and maintaining the *status quo* as to rates as they existed prior to February 21, 1955, pending the outcome of further proceedings before the public service commission of the state of Washington.

The effect of such order was to leave the railroads undisturbed in the collection of reduced intrastate railroad rates for the transportation of bulk petroleum.

On March 15, 1955, however, the commission entered an order reopening its petroleum rate case (commission cause No. T-8917) for further proceedings. This was done pursuant to the remand provided for in the decree of February 21, 1955. A paragraph of this order provides, in effect, that the railroads must immediately desist from applying the reduced rates, and begin applying the higher rates which were in effect prior to February 21, 1955.

On March 18, 1955, the railroads instituted a proceeding in superior court to review this order. At the same time, and in the same proceeding, the railroads applied for an order superseding the paragraph of the commission order which required them to reinstate the higher bulk petroleum rates. After a hearing, the court, on March 28, 1955, entered such a supersedeas order. It is this latter order which is under review in the proceeding now before us.

Plaintiffs contend that the order does not contain, as required by statute (RCW 81.04.180 [cf. Rem. Rev. Stat. (Sup.), § 10429]), a specific finding based upon evidence submitted to the court, and identified by reference thereto, that great and irreparable damage would otherwise result to the petitioner, and specifying the nature of the damage.

The order and the statement of facts have been examined, and we are satisfied that there has been a sufficient compliance with the statutory requirement. No good purpose will be served by setting out in this opinion an analysis of the findings and of the evidence.

Plaintiffs also argue that the issuance of the supersedeas order was improvident, because such order was in aid of the violation by the railroads of the decree of February 21, 1955, referred to above. This contention, however, is answered by our decision in No. 33292, in which it was held that the

charging of the reduced rates did not violate the decree in question.

Finally, plaintiffs urge that the supersedeas order is improvident, because, instead of preventing the railroads from suffering great and irreparable damage, it insures that plaintiffs will sustain such damage.

There is evidence to support the trial court's finding that the railroads will suffer irreparable damage unless the commission order is superseded. This being the case, the fact that the granting of supersedeas will insure that the opposing party will sustain like damage does not require the trial court to deny such relief. In such a situation, the trial court must exercise its discretion, taking into consideration the probable merits as to the principal controversy, as well as the prospective detriment to each party. While we do not intend to pass judgment upon the merits of the controversy, we are not convinced that the trial court has abused its discretion.

The supersedeas order of March 28, 1955, is affirmed.